IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

January 29, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JOHN WAYNE SLATE, SR.,           ) C/A NO. 03A01-9809-CH-00299
                                 )
    Petitioner-Appellant,        )
                                 )
                                 )
v.                               ) APPEAL AS OF RIGHT FROM THE
                                 ) SEVIER COUNTY CHANCERY COURT
                                 )
                                 )
                                 )
JUDGE BEN W. HOOPER, II, and     )
AL SCHMUTZER, JR.,               )
                                 ) HONORABLE TELFORD E. FORGETY,
    Defendants-Appellees.        ) CHANCELLOR


For Appellant

JOHN WAYNE SLATE, SR.
Pro Se
Mountain City, Tennessee

For Appellees

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

HEATHER C. ROSS
Assistant Attorney General
Nashville, Tennessee


# MEMORANDUM OPINION


AFFIRMED AND REMANDED                              Susano, J.

This is a lawsuit filed by a prisoner in state custody seeking the disbarment of the judge who tried him and the district attorney general who prosecuted him. The court below dismissed the plaintiff's suit, finding that "these charges are more appropriately brought under the procedures set forth in Tenn.Code Ann. § 17-5-101 et seq. and/or under Supreme Court Rule 9." The plaintiff appealed. We affirm, but for a reason different from that expressed by the trial court.

The complaint in the instant case is essentially identical to an earlier complaint filed by the plaintiff in the same court. That complaint was also dismissed. On appeal, we treated the plaintiff's complaint as one for disbarment, and affirmed in an opinion filed at Knoxville on February 27, 1998. *See* **Slate v. Schmutzer and Hooper**, 1998 WL 102072, C/A No. 03A01-9708-CV-00369 (Tenn.App. 1998)(perm. app. denied by the Supreme Court). The matters raised in the instant case are *res judicata*. The Supreme Court has recently explained that

> [t]he term "res judicata" is defined as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.... [T]o be applicable, it requires identity of cause of action, or person and parties to action, and of quality in persons for or against whom claim is made."

**Richardson v. Tennessee Bd. of Dentistry**, 913 S.W.2d 446, 459 (Tenn. 1995)(quoting from BLACK'S LAW DICTIONARY 1172 (5th ed. 1979)). Or, stated another way, "res judicata bars a second suit

between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." ***Richardson***, 913 S.W.2d at 459. In the earlier suit, it was determined that the plaintiff could not pursue disbarment of the defendants in a court proceeding. That issue, having been found adverse to the plaintiff in the first suit, cannot be re-litigated in this action.

The judgment of the trial court is affirmed pursuant to the provisions of Rule 10(b), Rules of the Court of Appeals.[1] Costs on appeal are taxed to the appellant. This case is remanded to the trial court for the collections of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Herschel P. Franks, J.

_____

[1]Rule 10(b), Rules of the Court of Appeals, provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.